FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 29 A 10: 38

CLERK _F. LaVictoire_
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES ROBERTS,

    Plaintiff,

vs.                         CIVIL ACTION NO.: CV605-095

HUGH SMITH, Warden; FRED BROWN;
STEVE DUPREE; JOHN BROWN;
ALTON MOBLEY; BARNEY DASHER,
JR.; KEVIN JOHNSON; JAMES WAYNIK;
TRACEY SIMMONS; ROBERT MADISON;
TRELLIS DODSON; EDDIE SMITH;
SAMMY JACKSON; SHARON BROWN;
ABBIGAIL COWART, and PAMELA
BROWN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before, or as soon as possible, after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff generally alleges that Defendants H. Smith, F. Brown, Dupree, J. Brown, Mobley, Dasher, Johnson, Waynik, Simmons, Madison, Dodson, E. Smith, Jackson, S. Brown, Cowart, and P. Brown exercised excessive force against him at various locations throughout the prison. Plaintiff contends that Defendant Dodson conspired with other defendants by washing the blood off his injuries prior to taking pictures. Plaintiff asserts

2

that Defendants Jackson and Smith violated his Eighth Amendment rights by failing to protect him from officers under their direct authority.

A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (citations omitted). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that [a] defendant[ ] 'reached an understanding to violate [his] rights.'" Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants." Id. at 1283-84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990)). Plaintiff has asserted that Defendant Dodson followed orders from CERT team leaders. Although this may indicate the possibility of an agreement between Defendant Dodson and another individual, Plaintiff has not established any constitutional right Defendant Dodson conspired to violate by washing Plaintiff's injuries; thus, Plaintiff's claims against Defendant Dodson are not cognizable under 28 U.S.C.A. § 1983.

Plaintiff's claim against Defendants Jackson and E. Smith should be dismissed because there is no actual or causal connection between these Defendants and Plaintiff's injuries. Plaintiff appears to assert his claims against them based solely on their supervisory roles within the prison. Plaintiff alleges that Defendants Jackson and E. Smith are liable because of their failure to prevent officers under their command from beating him. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the

3

alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802.

Plaintiff's remaining claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Dodson, S. Jackson, and E. Smith be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE