**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 16 P 5: 25

CLERK_____
S?/DIST. OF GA.

JAMES ROBERTS,               :

    Plaintiff,               :
                               :

vs.               :    CIVIL ACTION NO.: CV605-095

HUGH SMITH, Warden; FRED BROWN;   :
STEVE DUPREE; JOHN BROWN;         :
ALTON MOBLEY; BARNEY DASHER,      :
JR.; KEVIN JOHNSON; JAMES WAYNIK; :
TRACEY SIMMONS; ROBERT MADISON;   :
SHARON BROWN; ABBIGAIL COWART,    :
and PAMELA BROWN,                 :
                               :
    Defendants.               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants Hugh Smith, Fred Brown, Steve Dupree, John Brown, Alton Mobley, Barnie Dasher, Kevin Johnson, James Waynick, Trace Simmons, and Robert Madison ("Movants") filed a Motion for Summary Judgment. Plaintiff filed a Response. For the following reasons, Movants' Motion for Summary Judgment should be **GRANTED**, in part, and **DENIED**, in part.

## STATEMENT OF THE CASE

Plaintiff contends that he argued with Defendant Pamela Brown ("P. Brown"), and she grabbed him, struck him with her radio, and slapped his face. During this altercation, Plaintiff also alleges that Defendants Dasher, Simmons, Madison, Waynick, Johnson, and Mobley ordered him to lie on the floor, handcuffed and shackled him, and then punched

AO 72A
(Rev. 8/82)

and kicked him. Plaintiff avers that he was also lifted and "used as a battering ram on every door from A-2 [dorm] to the medical floor." (Compl., p. 9.) On the medical floor, Plaintiff asserts that Defendant H. Smith hit him in the throat and Defendant J. Brown held his head against the wall while someone punched him. After this incident, Plaintiff contends that Defendant F. Brown ordered Defendants Dasher, Simmons, Madison, Waynick, Johnson, and Mobley to beat him again. Plaintiff avers that Defendants Waynick, Simmons, Dasher, and Mobley moved him to M-building where they "body slammed" and kicked him. (Compl., p. 10.) As a result of these beatings, Plaintiff asserts that he suffered black eyes, facial cuts, and multiple bruises. Plaintiff also asserts that Defendants H. Smith, F. Brown, and J. Brown delayed his access to medical treatment.

Movants assert that P. Brown was placing inmates back into their assigned dormitories when Plaintiff tried to get store goods from another inmate; Movants allege that P. Brown told Plaintiff he could not get the store goods. Movants contend that Plaintiff became agitated and hit P. Brown in the face, which caused her to fall to the ground. Movants aver that P. Brown called for help and that, once help arrived, Plaintiff refused to be handcuffed. Movants assert that hands on force was used to gain control of Plaintiff and to handcuff him. Movants also assert that Plaintiff was taken to the medical unit of the prison and that staff noted Plaintiff had no injuries. Movants contend that whatever actions they took were within the scope of their authority and undertaken pursuant to the performance of their official duties.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

2

AO 72A
(Rev. 8/82)

is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

3

## DISCUSSION AND CITATION OF AUTHORITY

**I.     Movants are not Entitled to Summary Judgment on Plaintiff's Excessive Force and Deliberate Indifference Claims.**

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d

4

1176, 1186 (11th Cir. 1994).  The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290).  Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000).  In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted).  As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

Movants submitted the Use of Force Incident report, which details P. Brown's version of events on the date in question.  According to this report, Plaintiff became agitated after P. Brown instructed him that he could not receive store goods and hit her in the face, which caused her to fall to the ground.  This report indicates that Plaintiff refused to be handcuffed after P. Brown called for assistance; hands on force was used to gain control of Plaintiff and to handcuff him.  This report also reveals that Plaintiff was taken to the medical unit and was checked by medical.  (Defs.' Ex. A.)  A diagram signed by a member of the medical staff states that there was "no injury noted" on Plaintiff's body, and the Use of Force Examination form indicates that only a visual examination of Plaintiff occurred while he was in handcuffs and leg irons.  (Defs.' Exs. C-D.)

5

Plaintiff submitted the affidavits of five (5) fellow inmates. These affidavits state that Plaintiff and P. Brown were engaged in an altercation after P. Brown told Plaintiff that she was going to confiscate an envelope he was carrying, she hit him with her radio, and Plaintiff pushed P. Brown to defend himself. (Pl.'s Exs. C-G.) These statements also reveal that Defendants Dasher, Simmons, Johnson, Mobley, Waynick, and Madison used force against Plaintiff. (Pl.'s Exs. E-G.) Plaintiff also submitted his own affidavit, which supports his version of events on the date in question and echoes the information contained in the other inmates' statements. Plaintiff states that Defendants Dasher, Simmons, Madison, Waynick, Mobley, and Johnson continued assaulting him on the way to the medical unit. Plaintiff asserts that he suffered injuries to his ribs, eyes, lips, head, wrist, and body as a result of these officers' actions. (Pl.'s Ex. H.) Plaintiff also asserts that Defendants H. Smith, F. Brown, and J. Brown told him that he would not receive medical attention at that time, even though his injuries were "obvious." (Pl.'s Ex. H, p. 2.) Finally, Plaintiff submitted a Nursing Assessment form dated the day after the incident in question and a Physician's Assistant Medical Encounter form dated two (2) days after the alleged incident. These forms indicate that Plaintiff complained of pain and injury sustained after the use of force incident and that the objective findings revealed he suffered injuries as result of the use of force incident. (Pl.'s Exs. A-B.)

The documents the parties have submitted reveal that Plaintiff was involved in an incident with Defendants P. Brown, Dasher, Simmons, Madison, Waynick, Mobley, and Johnson. There remain genuine issues of material fact as to whether the amount of force used against Plaintiff was reasonable or excessive under the circumstances and whether Plaintiff suffered injuries, de mininmis or otherwise, as a result of this use of force. In

6

AO 72A
(Rev. 8/82)

addition, there is a genuine issue of material fact as to whether Plaintiff had a serious medical need following the use of force incident and whether F. Brown, J. Brown, and H. Smith were deliberately indifferent to that need by hindering Plaintiff's efforts to receive medical attention. Movants are not entitled to summary judgment on Plaintiff's excessive force and deliberate indifference claims.

## II.   Movants are not Entitled to Summary Judgment Based on Qualified Immunity.

Movants contend that any actions they took were within the scope of their authority and made pursuant to the performance of their official duties. Movants assert that they have established that they did not use excessive force against Plaintiff, Plaintiff did not have a serious medical need, and that Plaintiff was given proper medical care in a timely manner.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). Once the government official has shown he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to

7

qualified immunity.  The Supreme Court has established a two-part test to determine the applicability of qualified immunity: First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation.  Hope, 536 U.S. at 736, 122 S. Ct. at 2513.  If, under the plaintiff's allegations, the defendants would have violated a constitutional right, the "the next, sequential step is to ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir.2004).

As discussed in the preceding section, a genuine issue of material fact exists as to whether Movants used an excessive amount of force against Plaintiff.  A genuine issue of material fact also exists as to whether Defendants F. Brown, J. Brown, and H. Smith were deliberately indifferent to Plaintiff's serious medical needs following the use of force incident. It was clearly established law at the time of this incident that an inmate is not to be subjected to the excessive use of force. It also was clearly established law that prison officials are not to be deliberately indifferent to the serious medical needs of inmates. Movants are not entitled to summary judgment based on qualified immunity.

III.    **Movants are Entitled to Summary Judgment in Their Official Capacities Based on Eleventh Amendment Immunity.**

Movants assert that, to the extent Plaintiff has sued them in their official capacities, they are immune to his claim for monetary damages.

The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A lawsuit against state officials in their official capacities is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.

8

Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).  In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment.  Id., 491 U.S. at 67, 109 S. Ct. at 1210.  Because the state of Georgia would be the real party in interest in a suit against Movants in their official capacities, the Eleventh Amendment immunizes them from suit in their official capacities for monetary damages.  Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

To the extent Plaintiff seeks to hold Movants liable in their official capacities as prison officials at Georgia State Prison, Movants are entitled to summary judgment on Plaintiff's claims for monetary damages pursuant to Eleventh Amendment immunity. Plaintiff may proceed with his claims against Movants only in their individual capacities.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants H. Smith, F. Brown, Dupree, J. Brown, Mobley, Dasher, Johnson, Waynick, Simmons, and Madison (Doc. No. 44) be **GRANTED**, in part, and **DENIED**, in part.  Plaintiff's claims for monetary damages against said Defendants in their official capacities should be dismissed.  Plaintiff's claims against said Defendants in their individual capacities should remain pending.

**SO REPORTED** and **RECOMMENDED**, this _16th_ day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

9